Thank you your honor and may it please the court. In this case there was no access without authorization as required to a protected computer as required by the Computer Fraud and Abuse Act. There was no access to a protected computer on authorized access as required for a conviction under the Computer Fraud and Abuse Act. As one of the witnesses, the expert witnesses for the state testified, a newyork.gov account can be accessed by anyone. Right, but is it, what I think you're conflating is just because something is hackable doesn't mean that there wasn't the kind of gate, right, that's required under the doctrine. Well the gate, there was no code-based gate here and it's our argument that that is what is required. There were terms of service which were laid out in some. So it doesn't matter how many times somebody ignored a notice saying no unauthorized, it doesn't matter if someone illicitly got somebody else's social security number, you're saying if they don't physically make it impossible to get through then anybody has authorized access? What's the point of all the notices that kept coming up as your client was proceeding? Well the notices did say that you had to do certain things, the information you entered had to be accurate and that's true. The question is are we going to let notices like that determine criminal liability? And I submit that the Supreme Court in Van Buren made very clear, I think, a concern about whether mere terms of service, and that's all we have here, a violation of mere terms of service amounts to breaching a gate. Okay, but they were stored in a separate database, they couldn't be accessed without a social security number. How is that not a gate under Van Buren? Well the social security number was legally in possession of my client. Okay, but that's not the question, right? The question is that they were not supposed to be using it to access somebody else's record. Why isn't that a gate under Van Buren? It is not a gate under Van Buren because it's not a code-based gate. It is basically the gate in this case, whether you're at the early phase where you're just entering your name and email, or at the later phase when you're putting in the social security number, the gate has to be code-based. That's an important, I mean, those are two different things that you just sort of combined. So the first part, I understand your argument, it's a public website where you just log in with an email address. Yes. But that has to then connect, as I understand it, to a server with the employment information that requires a social security number. Right, but for purposes of the court's analysis, the court has to consider this one computer system. The government tries to say, well, this mainframe was different. But you can't say that because if you look at the exhibits that the government introduced to show how you click your way through the website, there's nothing there indicating the topology of the system, how the system was set up. What do you mean by one computer system? So that means because you're accessing it from a public website, the whole thing is fair game? The whole thing is a computer, for purposes of the computer fraud and abuse act. So because you logged into, I just want to understand your argument, so because you logged in to the entire system, as you call it, through using an email address only, whatever happens afterwards is authorized? No. You can then exceed authorized access. There are two prongs of the statute. Right, so everything that happens afterwards would be under the second prong, but you would have to be under the second prong, which in this case, it's very important to emphasize, was not charged and the jury was not instructed on that. Jury was not instructed in this case on exceeding authorized access. Separate elements. The jury was only instructed on accessing without authorization. And on a public website, once he's in the computer, and it's our view that the computer is everything on Exhibit 10, which is at the government's appendix at page 10. If it was also okay, why were they roading it through different people? Why were they signing up via aliases? What, you know, if it was so clear that they were any random member of the public and that they had access to it, why all the shenanigans to try and not get detected? Well, they wanted to, you know, continue to use this method, I suppose. But the question, Your Honor, is... No, no, no, no. This is actually an important question. Like, if they knew that they had to engage in, I'll use the word shenanigans, in order to be able to get the information, why isn't that emblematic of a manipulation? Well, manipulation is not the crime. The crime that's charged here is access to a computer without... Like, again, that goes back to my original question about, is the standard for how easy is it to hack something? No. In this case, it was easy. Maybe if it was a little harder, maybe... We have to go back to Van Buren. The question is, can all those pop-ups, on which Your Honor is focusing, can that by itself... It's not just pop-ups. It's the fact that they were able to get there by creating accounts that were not theirs, by using social security numbers that were not theirs. Like, the whole thing from beginning, you know, routing it through different places so that they couldn't be detected. Why isn't that all improper access? Well, you can... People use VPNs to route things and hide their identity on the internet all the time. Apple offers a service to do that. I suspect the court uses a VPN to hide who, you know, so the whole internet doesn't know who's accessing. Can you talk to me about the employment history? Can you explain to me your theory about why employment history is not a financial record? Well, the employment history is... The question is, did he access the computer? We're still talking about the Computer Fraud and Abuse Act? I'm not sure I understand your question. No, I've moved on to the sentencing theory. Yeah, where someone is employed, there are numerous federal statutes which recognize that one can, you know, a social security number, a date of birth, and identify the sort of private information that is out there which is protected. I'm aware of no decision which says where you work, which anybody, you know, can follow you to where you go in the morning, is private information. Okay, why is it not a financial record, though? Because it's not financial. It's where you work. I don't know how to answer it better than that, Your Honor. If I could just say, but I really want to refocus on the without access. Part of the confusion, I think, is that this is New York State. If this were Netflix and they said you have to put in X, Y, and Z, including a social, for example, or including your date of birth, and they put those terms of service out there a mere violation of terms of service is not a gate for purposes of Van Buren. I've reserved two minutes, unless the Court has any other questions now. May it please the Court. Stephen Clymer for the United States. I'd like to address the two points that came up regarding the conviction during counsel's appointment that he makes that this is all one big computer. Second, the point he makes that there's no technological access gate. He's wrong about both those points. I'll start with the computer point and then talk about the technological access gate. The term computer, as defined in 1030E1, comes in three different clauses. And if the Court would like to see the full text, it's at pages 19 and 20 of the government's brief. The first clause tells us that the term computer means various types of high-speed data processing devices. I'll call that the device clause for short. Clearly, the device hosting the public website here, the one device that Cuomo had authorized access to go to, qualifies as a data processing device and is therefore a computer under the statute. The next clause in the definition is what I'll call the inclusionary clause. It provides that the term computer, and I'll quote, includes any data storage facility directly related to or operating in conjunction with such a device. Cuomo relies on this exclusionary clause to claim that this entire array that the jury heard about at trial was all just one big computer and authorization as to one was authorization as to every device. Where he's wrong about that is he misreads the word includes in that second clause. The word includes does not refer to the device. In other words, it doesn't say that a data processing facility is included in the same device as the data storage facility isn't included in a data processing device. What it says is the term computer includes a data storage facility. And if you look at the third clause, the exclusionary clause, it makes this clear. The exclusionary clause says that the term computer does not include an automated typewriter or typesetter, a portable handheld calculator, or other similar device. In other words, the exclusionary clause makes clear that both the inclusionary and exclusionary clauses refer to the definition of computer. So if- I mean, what does it even mean to access an internet-connected computer then? So this language is from over 30 years ago. So this is before internet-connected computers for the most part. So we're trying to apply something that doesn't necessarily match up to the way we think of computers and access today. So under these definitions and these terms, I'm having a little bit of trouble understanding your argument as to why Mr. Cuomo's argument is wrong. Because the definition, Your Honor, and perhaps Congress needs to update it, but it hasn't. The definition is a device-by-device definition. The unit of measure in the first clause is a device, which is a physical object like a computer. He makes the- Can you address his, like, he mentioned Netflix at the end. What's going on there? There's like a computer. I don't even know how it works these days. There's a TV to a computer to the internet. So suppose I use my television, which likely has a computer in it. It's probably got a high-speed data processing device. And I use it to go to Netflix to get- My computer is a computer. The storage facility where Netflix keeps all of its videos that I want to access and watch is also a computer. But it's not my computer. It's not the same computer. In other words, I don't dispute counsel saying these things are both computers. And in fact, the cases he cites in his reply brief essentially say data storage devices can be computers. His mistake is by saying they're the same computer. They're not the same computer. And the definition that he relies on, the word includes, just tells you it's included in the definition of a computer. It's not included in the same device that you started talking about. So under the definition, the computer that hosts the public website in our case is a computer. The mainframe, which hosts some data, is also a computer. But access to one doesn't become access to all. That's the mistake he makes. So if somehow it were the case that the employment information were on the same computer that Mr. Cuomo logged into, then would that have been- Then it might be an exceeds access case. I'd want to know more facts to answer the question. And is that something that he could have known? I mean, I guess he could have known. Is that something that one normally would know when they're logging into a website? I don't know the answer to that, Your Honor. But in this case, it doesn't matter. And it doesn't matter for two reasons. First, because he never raised that claim in the district court, never asked for a jury instruction. In his opening brief on appeal, he mentions in passing that his client might not have had mental state, but never fashions a full argument. As we argued in our responsive brief, he has waived that argument multiple times. He has no reply to that in his reply brief. So there's a waiver here. But even if he had waived it, it'd be wrong. The statute can't be- it can't be the case under the statute that if you get- if you know you're not authorized, but you get the reason wrong, you're therefore immune from liability. In other words, whether he's denied authority because he exceeds his authorized access, or he never had authorized access in the first place, doesn't matter. It's simply enough for him to know he lacks authorization. And for the reasons that Judge Perez pointed out when she was questioning defense counsel here, it's clear they knew they lacked authorization. They masked where their IP address was. They used aliases. And that's what distinguishes it from Van Buren, where there was some lawful way where the user could have been accessing it. Exactly, Your Honor. I'd like to turn, if I could then, to the question of the terms of service versus code based. Defense counsel is just wrong about this as well. There was a technological barrier. It was- the testimony was clear that you had to put in your social security number. A user had to put in his social security number to get access to the distinct mainframe computer. That may not be the best password in the world, but it's still a technological barrier. If you don't put in that set of digits, like any other password, you don't get in. Even if it were the case, and the law had unsettled on this, that terms of service were not enough. That question's been left open in Van Buren. That's not this case. The court doesn't have to decide that question here. Because here, there clearly was a technological barrier. How would you respond, though, to the fact that he said that he had the information, the social security information lawfully? Two ways, Your Honor. First of all, it's not true. The evidence is clear that Cuomo and his colleagues, actually his co-conspirator Trowbridge, lied to the companies that had lawful access to the social security numbers in order to get it. They didn't tell them what they were actually going to do with the social security numbers. They claimed they had a government contractor or access to a database where they can lawfully get the place of employment information. They never said, we're going to use this to impersonate debtors so we can steal their private information from New York State. That was never part of the conversation. So it was theft by deception in the first instance. But even if it wasn't, I don't think lawful access to somebody else's password necessarily means that it's not a technologically based access barrier. The question is, what's the way the computer denies people access? It's through technology. It's not simply that you said, you can't go get somebody else's stuff. There were those terms of service, but there was more here. You had to put in the right code to get in. Whether it's good or not, that's a technologically based code. I see my time is almost up unless the court has questions. I know. I have some questions about the enhancements. We would be creating, I'm assuming you agree, we would be creating new law to call where somebody works either personal information or financial information. I believe that's right, Your Honor, but you don't have to do that to affirm here. Tell me why. Two reasons. First of all, there's no dispute that the sophisticated means enhancement applies. The court applied that. And the sophisticated means enhancement says you either get two points or you default to level 12. So even if the court was wrong to give the other enhancement for the personal information, that's a two level enhancement, he was going to get to 12 one way or another. So without that enhancement, he gets the same place. So any error would be harmless. The second reason is the court made very clear at the end of sentencing, it would have imposed exactly the same sentence, even if the guidelines calculation had been different. So for that reason as well, and actually there's a third reason, I think about it, on the merits. The scheme also included use of social security numbers. And social security numbers are clearly personal information under the guideline provision. And there's no need that they be used illegally. As long as they're used as part of the scheme, that's enough for the enhancement. They were used as part of the scheme in this case. If the court has no other questions, that's all I have. Thank you. Thank you, counsel. We'll hear a rebuttal. Thank you, Your Honor. Well, defense counsel conceded that Mr. Cuomo had access to parts of New York.gov. His contention is we lacked access to other parts of New York.gov. Our contention is this, that is one computer. Counsel ignores the language in Van Buren which says, the question is about authorization is whether one can or cannot access a computer system. Not just one box or another box, a computer system. That's on page 141, Supreme Court, 1658. But what is the limiting principle, if you may, if you could explain to me. Because the internet is connected, right? So one could argue that just by getting on the internet, then we're all one thing, right? No. Okay, tell me the limiting principle. The limiting principle is when you get on the internet, you're not accessing everything. If I, to pick up on the judge's question, if I access Netflix, I am accessing a set of computers. And what the government is now claiming, which is just remarkable and unprecedented, is that I have to know that there's some Netflix computers on that network. He's not saying you have to know. He's saying that you would be falling into the other bucket of unauthorized access. They charge you with one because there are two systems. And if you do that, Your Honor, if you do that, you are exceeding authorized access. Right, but I just want to make sure that we're talking about, we're making, this is, in my mind, this is a very hard question. So I want to make sure we're approaching it with the level of difficulty. So like, where is the limiting principle if it doesn't matter how many servers, it doesn't, if you're using the word system as expansively as you are, how does that not swallow up anything that is interconnected by an internet? It depends on what you are accessing. In other words, you are, when you go to, in this particular case, you don't have, you know, the question is, if you look at government, the government appendix, page nine, that's the system here. Because it was a set of computers all connected, and his definition of 1030E is simply wrong and has never been upheld anywhere. And I'd refer you to Professor Kerr's amicus brief in the Van Buren case. He says the concept of a computer has mutated. Today, the idea of a discrete computer is largely outdated. And if you look at the exhibits that they put in to show what my client saw, nothing says you're going to this computer or that computer, and finally, you wind up in the mainframe. It's on pages 98 through 118 of my appendix. You can see what my client saw, and there's nothing in there which tells you where on this network you are. And so they conceded. They give up. He had access to that network. He just didn't have access to this one little part. And that's not without access. It may be exceeding authorized access, Your Honor, but they didn't charge them. And they've got to charge the right section. Thank you, counsel. Thank you both. We'll take the case under advisory.